## ELIJAH K. SPOOR *vs.* NATHANIEL SPOONER.

An action of trespass cannot be maintained against the master of a vessel, for carrying to sea an officer who went on board to arrest a person, just as the vessel was leaving the wharf, if the plaintiff did not use due diligence to get on shore, after receiving due notice that the vessel's fasts were about to be cast off, and that all persons not belonging on board must leave her.

In such action against the master of a vessel, when the facts are in dispute, the question whether the plaintiff used due diligence in making the arrest, and in attempting to get on shore, is to be decided by the jury.

In such action, the pilot is a competent witness to prove that he got the vessel off; that, in so doing, he acted under the direction of the owner ; and that the master had no agency in the matter: And it is for the jury to decide who had the direction and control of the vessel, at the time when the alleged trespass was committed on the plaintiff.

It is within the discretion of a judge, in a case in which there are several grounds of claim or defence, to inquire of a jury upon what facts their verdict was found.

THIS was an action of trespass for false imprisonment, in which the plaintiff alleged that he, being a constable of the city of Boston, went on board the ship Granada, of which the defendant was master, with a civil process, for the purpose of arresting the steward of said ship, and was carried to sea by the defendant. The defence was placed on two grounds : First, that at the time of the supposed trespass, the defendant, though master of the ship, had no control thereof. Second, that the plaintiff had not used reasonable diligence in arresting the steward, and taking him on shore.

At the trial in the court of common pleas, before *Ward*, J. the evidence tended to prove that the ship was in the port of Boston, (her home port,) on the point of sailing, when the plaintiff went on board ; that her sails were set, and that the fasts, by which she was held to the wharf, were singled; that the plaintiff, upon going on board, immediately found and arrested the steward, but remained standing with him on board ten or twelve minutes, without attempting to leave the

ship ; that repeated notices were given for all persons not belonging on board to quit the ship ; that the owner of the ship stood on the wharf, by the ship's side, and gave the order to the pilot, who was on board, to cast off the fasts, and that the pilot thereupon gave the necessary orders to the crew.

The pilot was called by the defendant as a witness, and testified that, during the alleged trespass, he had the control of the ship's movements; that he cast off her fasts, by orders directly from the owner, and that the master had no agency in the matter. The plaintiff objected to this evidence ; first, because a pilot's duties and powers are fixed by law, and are not the subject of parol evidence ; and secondly, because the defendant, being master of the ship, was liable, as master, for the trespass complained of. But the judge ruled that the evidence was admissible ; that the presumption of law was subject to be controlled by evidence ; and that the question, who actually had control of the ship, was a question of fact, and was to be passed upon by the jury. But he instructed the jury, that if the defendant had not the control of the ship, still, if a trespass was committed, as alleged, and the defendant countenanced and assented to it, or was participator in it, directly or indirectly, he was liable as a trespasser.

The jury were further instructed, that if the plaintiff had not used reasonable diligence in making the arrest of the steward and returning to the wharf, and if proper notice had been given to him of casting off the fasts, he had no right to complain that the ship sailed and carried him to sea.

The jury found a verdict for the defendant ; and on being asked to state the grounds of their verdict, they replied, that the plaintiff had not used due diligence in making the arrest, and that the owner of the ship, and not the defendant, had charge of her.

The plaintiff alleged exceptions to the judge's ruling and instructions.

*G. M. Brown*, for the plaintiff.

*A. C. Spooner*, for the defendant.

HUBBARD, J. The testimony of the pilot was objected to

on the ground that his duties and powers are fixed by law, and are not the subject of parol evidence. And as a general rule, where duties are defined and fixed by statute, or by written rules or regulations, parol evidence is not admissible to control or vary them ; upon the like principle that parol evidence is not admissible to vary a written contract. How far the duties of a pilot are prescribed by statute, or by written regulations, we think not necessary now to be inquired into ; because, in this case, the testimony of the pilot related to what he did in reference to the movements of the ship, and from whom he received his directions, and not as to what his duties were, nor as to any conflict between his duties and those of the master. Under this view of the evidence offered, we think it was properly admitted.

The plaintiff further contended, that the defendant, being captain of the ship, was, in law, conclusively liable, in his character as master, for trespasses like the one committed upon the plaintiff. But the court ruled that the presumption of law was, that the captain was liable, but that this presumption was subject to be controlled by evidence, and therefore that the question, who actually had control of the ship, was a question of fact to be passed upon by the jury.

In support of the exception taken to this ruling, it is argued that the master's duties and liabilities are fixed by law ; that he has the absolute control and government of the ship, in respect to the time of her sailing ; of the management of her during the voyage ; and that he has the right to direct who shall come on board, and who shall leave the vessel ; and that he is liable also for losses which occur while the pilot is on board.

The facts show that, at the time of the commencement of the trespass complained of, the ship was in the home port, lying at the wharf, in the presence of the owner, who was acting and directing as to her actual sailing.

As to the general rights and duties of the master of a ship, it is very clear that he is, as his name imports, the commander of the vessel and of her crew, and has certain qualified rights

over the passengers who may be on board; that it is for him to direct as to the sailing and management of the ship, during the voyage for which he is appointed master, and that he is liable for injuries and losses arising from any neglect or abuse of his powers.

There is a point of time when the master's rights and duties, as to the absolute control of the vessel, may be said to be vested in him; and this point of time, we are of opinion, commences, in the absence of positive agreement, on the sailing of the ship for the intended voyage. While she remains in the home port, and up to the time of her actual sailing, she is under the control and disposition of the owner, who is alone authorized to direct as to the time of her sailing. The vessel is his property, is in his possession, is subject to his direction, and under his control; and while thus remaining within his possession, the master's authority is subordinate, and he is to be governed by the owner, as to the time of the sailing of the ship. It was therefore properly submitted to the jury to determine under whose control and direction the ship in fact was, at the time when the alleged trespass was committed.

Again; it is argued, that the question of reasonable diligence ought not to have been submitted to the jury, but should have been determined by the court; on the ground that due diligence is a question of law. And *Benton* v. *Sutton*, 1 Bos. & Pul. 28, and *Wright* v. *Court*, 4 Barn. & Cres. 596, were cited as authorities to this point. The question of reasonable diligence, in relation to a given subject, is often one of difficulty, until, from the frequent recurrence of similar facts, in the trial of causes, a settled rule of law is established; as in questions of notice upon bills of exchange and promissory notes. Lord Mansfield held that "what is reasonable notice is partly a question of fact and partly a question of law. It may depend," he said, "in some measure on facts; such as the distance at which the parties live from each other, the course of the post, &c. But wherever a rule can be laid down with respect to this reasonableness, that

should be decided by the court, and adhered to by every one, for the sake of certainty." *Tindal* v. *Brown*, 1 T. R. 168. So also as to contracts where something is to be performed and the contract is silent on the subject, what is a reasonable time for its performance is held to be matter of law. *Attwood* v. *Clark*, 2 Greenl. 249. And so where the facts are agreed, reasonable time is matter of law. But where the facts are controverted, and the motives of the parties are involved in the question, there reasonable time is a question for the jury. *Hill* v. *Hobart*, 4 Shepley, 164. *Ellis* v. *Thompson*, 3 Mees. & Welsb. 445. In the case at bar, the facts were in dispute, and the conduct of the several parties was to be considered; and we are of opinion that the question of the plaintiff's negligence, under all the circumstances in evidence was properly submitted to the jury.

It is further argued, that the plaintiff, being lawfully on board the ship, the carrying of him away was a trespass, though he had not used due diligence in getting on shore. But we think it very clear that, as he went on board the ship, for a particular purpose, at the very time when she was about to leave the wharf, and as he had, in common with others, repeated notice that her fasts were about to be cast off, and that persons not belonging to the ship should quit her; and it being proved that the plaintiff was guilty of negligence in regard to it, when he had sufficient time to leave the ship, after performing his duty, it follows that no fault attached to the defendant, and he cannot be charged as a trespasser in sailing with the plaintiff on board.

It is also argued that the court erred in putting the question to the jury, as to the grounds of their verdict, and receiving their answer; or if not, yet if the judge's ruling was wrong on any point, the finding of the jury is not conclusive, as a part of them may have found for the defendant on one ground, and a part on the other.

It does not appear at whose request the inquiry was made of the jury, or whether it was on the mere motion of the judge. But we are of opinion that such inquiries on the part

of the judge are not matter of exception, but that it is within his discretion to make inquiry of the jury upon what facts their verdict was founded; as where distinct facts are put in issue, an inquiry may be made for the purpose of correctly stating the questions of law, if any should arise in the case; or for the purpose of terminating the case, if the particular facts found are conclusive as to the matter in issue between the parties.

In the case at bar, we are of opinion that all the directions of the presiding judge were correct, and that the inquiry of the jury, as to the grounds of their verdict, is not open to objection. A supposition was made, that a part of the jury may have decided upon one ground, and a part upon another; but we cannot assume such a fact, nor do the facts, as stated, give rise to the presumption.

*Exceptions overruled*